Sadler-RM v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-164-CR

Â Â Â Â Â RAYMOND MORRIS SADLER,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 96-04-11926 BCCR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury convicted Appellant Raymond Morris Sadler of the offense of arson. See Tex. Penal
Code Ann. Â§ 28.02(a)(2)(A), (D) (Vernon 1994). The jury sentenced Sadler to twenty years'
confinement in the Institutional Division of the Texas Department of Criminal Justice and a
$10,000 fine.
Â Â Â Â Â Â Sadler alleges in a single point that the court erred in denying his motion for mistrial after
evidence of an extraneous offense was admitted. We will affirm the judgment.
Â Â Â Â Â Â The indictment alleges that Sadler set fire to a house. The record reflects that Harvey Joe
Davenport testified for the State. Davenport testified that he saw Sadler standing in the yard of
the house to which he allegedly had set the fire "about five or ten minutes" after the fire began. 
In an apparent effort to clarify whether Davenport saw Sadler in the yard before or after the fire,
the State questioned him as follows:
Â Â Â Â Â Â Prosecutor: Â This is after the fire?
Â Â Â Â Â Â Davenport:Â Â Yes. Well, after the fire I told them, but I had seen him in the yard. I
wasn't going to say nothing, and then like I said, I know how it fells
[sic] to be burnt down, because the same person burnt the house that I
lived in.
Â Â Â Â Â Â Defense:Â Â Â Â Â Â Your Honor, I'll object to that right there and ask that the jury be given
instructions, instructions to disregard that statement.
Â Â Â Â Â Â The Court:Â Â Â What instruction?
Â Â Â Â Â Â Defense:Â Â Â Â Â Â Disregard that statement. I'm going to ask for a mistrial to be declared
right now, too.
Â Â Â Â Â Â The Court:Â Â Â I'll deny the request for mistrial. You are instructed to disregard the
statement about -- that last statement. I'll not repeat it, but you are
instructed to disregard it.
Â Â Â Â Â Â An accused is entitled to be tried only for the offense with which he is charged and not for
some other offense. Etheridge v. State, 903 S.W.2d 1, 10 (Tex. Crim. App. 1994), cert. denied,
___ U.S. ___, 116 S. Ct. 314, 133 L. Ed. 2d 217 (1995). "Evidence of `other crimes, wrongs,
or acts' is inadmissible to show that an accused acted in conformity therewith." Etheridge, 903
S.W.2d at 11 (quoting Tex. R. Crim. Evid. 404(b)).
Â Â Â Â Â Â However, inadvertent references to an extraneous offense are usually rendered harmless by
a prompt instruction to disregard the testimony. Nobles v. State, 843 S.W.2d 503, 514 (Tex.
Crim. App. 1992). Such an instruction cures any harm "unless it appears the evidence was so
clearly calculated to inflame the minds of the jury or is of such damning character as to suggest
it would be impossible to remove the harmful impression from the jury's mind." Kemp v. State,
846 S.W.2d 289, 308 (Tex. Crim. App. 1992).
Â Â Â Â Â Â After Sadler's objection, the State made no showing that the testimony of the extraneous
incident was relevant. Thus, the reference to the extraneous act was improper. See Etheridge,
903 S.W.2d at 11.
Â Â Â Â Â Â The court promptly instructed the jury at Sadler's request to disregard Davenport's statement. 
Although the statement was inadmissible, we find the "uninvited and unembellished reference" to
the prior incident was not so inflammatory or of such damning character as to undermine the
efficacy of the court's instruction to disregard. Kemp, 846 S.W.2d at 308. Thus, we overrule
Sadler's sole point of error.
Â Â Â Â Â Â We affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â REX D. DAVIS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice


Before Chief Justice Davis
Â Â Â Â Â Â Â Â Â Â Â Â Justice Cummings and
Â Â Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed April 9, 1997
Do not publish


Chief
Justice

Â 

Before Chief Justice
Gray,

   Justice Vance, and

Â Â Â Â Â Â Â Â Â  Justice Reyna

Appeal dismissed

Opinion delivered and
filed December 29, 2004

[CV06]








Â